UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>Lorena CEJA-VARGAS,<br><br>Defendant | Case No.  24-CR-471-AGS<br><br>**ORDER GRANTING UNOPPOSED MOTION TO OBTAIN DOCUMENTS FROM DEFENDANT'S PRIOR ATTORNEYS (ECF 44)** |

    The United States requests authorization to obtain documents from defendant's prior criminal-defense and immigration counsel. (*See* ECF 44.) Defendant has informed the Court she does not oppose the request.

    In her pending § 1326(d) motion, defendant claims her immigration and criminal-defense attorneys provided her "ineffective assistance of counsel" and failed to "inform her of her right to petition the Fifth Circuit Court of Appeals for further review." (*See* ECF 38, at 1–2.) She describes, in some detail, her communications with those attorneys in support of her motion. (*See, e.g., id.* at 2, 5; ECF 38-1, at 4–9 (describing the content of entire conversations, including quotes from them).) "It has long been the rule" that when an individual "raises a claim of ineffective assistance of counsel," she "waives the attorney-client privilege as to all communications with h[er] allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *see also United States v. Sanmina Corp.*, 968 F.3d 1107, 1117 (9th Cir. 2020) ("[W]aiver by implication, or implied waiver, is based on the rule that a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation." (cleaned up)).

    So, the United States's unopposed request to obtain documents from attorneys Luke Abrusley and Gaylon Riddels regarding each attorney's prior representation of defendant is **GRANTED**. But the United States may not use the disclosed material for any purpose except to respond to the pending § 1326(d) motion (*see* ECF 38) or any similar motion

1

asserting ineffective assistance of counsel. The United States may not distribute the disclosed materials to any other person, except defendant and her counsel.

The United States' deadline to respond to Defendant's motion to dismiss is **VACATED**, and the motion hearing/trial setting currently set for October 7, 2024, at 11:30 a.m. is converted to a status hearing.

Dated: September 23, 2024

_____
Hon. Andrew G. Schopler
United States District Judge